UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>MARCO ANTONIO SANTILLAN VALENCIA,<br><br>      Defendant. | Case No. 2:21-CR-00588-JFW-1<br><br>[Proposed]<br><br>PRELIMINARY ORDER OF FORFEITURE |

Upon consideration of the application of Plaintiff, United States of America, for a preliminary order of forfeiture pursuant to the May 31, 2022, guilty plea to counts one and twenty-one of the Indictment entered by defendant Marco Antonio Santillan Valencia ("defendant") and, good cause appearing thereon, IT IS HEREBY ORDERED:

## I.    FORFEITABLE PROPERTY

For the reasons set out below, any right, title, and interest of defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States. The Court finds that the government has established the requisite nexus between the Forfeitable Property and the offenses described in the indictment, which charge defendant with Conspiracy to Violate the

Export Administration Regulations, in violation of 50 U.S.C. § 4819(a), (b), and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).  The Forfeitable Property is more particularly described as:

Items seized on July 31, 2020, in San Bernardino County:

    1.    Approximately 49,400 rounds of .223 Remington caliber ammunition manufactured by Wolf;

    2.    Approximately 14,000 rounds of .223 Remington caliber ammunition manufactured by Giulio Fiocchi;

    3.    Approximately 1,000 rounds of .300 Blackout caliber ammunition manufactured by Arms Corporation of the Philippines ("Armscor");

    4.    Various firearms parts and accessories, including two Trijicon ACOG scopes, approximately 20 50-round ammunition belts, approximately 20 steel high-capacity magazines; and

    5.    Approximately $52,471 in United States currency and approximately 10 United States Postal Service Money Orders each in the value of $1,000.

Items seized on July 31, 2020, in Pahrump, Nevada:

    1.    Approximately 34,920 rounds of .223 Remington caliber ammunition manufactured by Wolf;

    2.    Approximately 1,000 rounds of .300 Blackout caliber ammunition manufactured by Armscor;

    3.    Approximately 10,210 rounds of .50 BMG caliber ammunition manufactured by Lake City Army Ammunition Plant;

    4.    Approximately 7,520 rounds of .223 Remington caliber ammunition manufactured by Lake City Army Ammunition Plant;

5.    Approximately 2,000 rounds of .223 Remington caliber ammunition manufactured by Poongsan Corporation;

6.    Over 2,800 rounds of various assorted ammunition, including 9mm Luger caliber ammunition, .38 Special ammunition, .44 Remington Magnum ammunition, .380 Auto ammunition, .22 WMR ammunition, and .308 Winchester caliber ammunition;

7.    Firearms parts and accessories including .50 BMG caliber ammunition links and assorted firearms magazines.

Items seized on September 10, 2020, at the Otay Mesa Port of Entry:

1.    One Daniel Defense model DD5 V4, 7.62 caliber rifle with an obliterated serial number;

2.    One War Sport Industries model GPR, 5.56mm/.223 caliber rifle with an obliterated serial number;

3.    Approximately 44 rounds of .22 caliber ammunition manufactured by Armscor;

4.    One P-mag 7.62mm caliber black magazine;

5.    Two FNH 7.62mm caliber 10-round magazines;

6.    .357 Magnum caliber ammunition manufactured by Hornady Manufacturing Company;

7.    .38 Special caliber ammunition manufactured by Federal Cartridge Company;

8.    .357 Magnum caliber ammunition manufactured by Remington Arms Company;

9.    .357 Magnum caliber ammunition manufactured by Federal Cartridge Company;

10.   9mm Luger caliber ammunition manufactured by Remington Arms Company;

11.   9mm Luger caliber ammunition manufactured by CCI/Speer;

12.  .22 caliber ammunition manufactured by CCI/Speer;

13.  12 gauge ammunition manufactured by Federal Cartridge Company;

14.  12 gauge ammunition manufactured by Winchester;

15.  12 gauge ammunition manufactured by Winchester;

16.  Firearms parts and accessories including a magazine and optic sights/lenses; and

17.  Approximately $10,320 in United States currency.

Items seized on September 11, 2020, in Midway City, California:

1.  One Sig Sauer model SIG 716-G2, 6.5mm Creedmoor caliber rifle with an obliterated serial number;

2.  Three FN America Model SCAR 20S, 7.62mm caliber rifles with obliterated serial numbers; and

3.  Several magazines including two .50 caliber magazines, one 5.56mm caliber P-mag magazine, three tri-colored magazines, one Caltech 7.62mm caliber black magazine, and one black P-mag 7.62mm caliber 10-round magazine.

Items seized on November 6, 2020, in Westlake Village, California:

1.  Approximately 77,000 rounds of .223 ammunition;

2.  Approximately 300 rounds of .50 caliber armor-piercing incendiary ammunition; and

3.  Firearms parts and accessories including approximately twelve Trijicon ACOG rifle scopes and one mini-gun housing unit.

Items seized on January 8, 2021, in Whittier, California:

4.  Approximately 3,400 rounds of 7.62x51mm caliber ammunition;

5.  One mini-gun housing part;

6.  One box of 20 rifle lower receivers;

7.  One box of 20 rifle trigger kits;

4

8.    One box of 50 rifle carry handles with rear sights;

9.    Approximately 10,000 rounds of 8mm Mauser caliber rifle ammunition bearing World War II era German factory markings;

10.   Approximately 6,600 rounds of 7.62x51mm caliber ammunition; and

11.   Approximately 398 rifle magazines.

Items seized on January 11, 2021, in Pahrump, Nevada:

Approximately 20,000 rounds of 7.62x39mm caliber ammunition.

Items seized on January 20, 2021, in Whittier, California:

1.    Approximately 20,000 rounds of 7.62x39mm caliber ammunition;

2.    An Operating Rod Assembly for an M249 light machine gun;

3.    Various firearms parts and accessories, and

4.    Approximately $20,000.

## II.    IMPLEMENTATION

IT IS FURTHER ORDERED AS FOLLOWS:

E.    Upon the entry of this Order, and pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

F.    Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure. "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

G.    Upon entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this

matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property.  The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

        1)   Pursuant to 21 U.S.C. § 853(n)(1) and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government shall forthwith publish for at least thirty (30) consecutive days on an official government website notice of this order and any other Order affecting the Forfeitable Property, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Forfeitable Property.

        2)   Any person other than defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

        3)   Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature

and extent of the petitioner's right, title, or interest in such

property, the time and circumstances of the petitioner's acquisition

of the right, title or interest in the property, any additional facts

supporting the petitioner's claim, and the relief sought. 21 U.S.C.

§ 853(n)(3).

        4)   The United States shall have clear title to the

Forfeitable Property following the Court's disposition of all third-

party interests or, if no petitions are filed, following the

expiration of the period provided in 21 U.S.C. § 853(n)(2) for the

filing of third-party petitions.

    H.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary

Order of Forfeiture shall become final as to defendant at sentencing

and shall be made part of his sentence and included in his judgment.

    I.   The Court shall retain jurisdiction to enforce this Order,

and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____    _____
DATE                  HONORABLE JOHN F. WALTER
                          UNITED STATES DISTRICT JUDGE

Presented by:


_____
    /s/
TARA B. VAVERE
Assistant United States Attorney
Asset Forfeiture & Recovery Section